1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                           **OAKLAND DIVISION**

11   HEADWATER RESEARCH LLC,            Case No. 4:23-cv-04496-JST

12                  *Plaintiff*,         **CASE MANAGEMENT CONFERENCE**
                                        **STATEMENT**
13          v.
                                        Date:    December 19, 2023
14   MOTOROLA MOBILITY LLC, et al.,     Time:    2:00 p.m.
                                        Dept:    Courtroom 6 – 2nd Floor
15                 *Defendants*.         Judge:   The Honorable Jon S. Tigar

16

17

18

19

20

21

22

23

24

25

26

27

28

As explained in Plaintiff Headwater Research LLC's ("Headwater") Administrative Motion Under L.R. 7-11 to Adjourn the Initial Case Management Conference filed concurrently herewith (Dkt. No. 32), Defendants' deadline to answer has not yet passed. Defendants have not yet answered or entered appearances in this case. Nevertheless, pursuant to the Clerk's Notice setting a Case Management Conference and deadline for a Joint Case Management Conference Statement (Dkt. No. 26), and the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, Headwater submits this Case Management Statement.

**1.     JURISDICTION AND SERVICE**

Headwater states that this Court has subject-matter jurisdiction over this patent case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*.

At this time, no issues exist regarding personal jurisdiction or venue, and all parties have been served. Defendants' deadline to file an answer has not yet passed, and Defendants have not answered or entered appearances in this case.

**2.     FACTS**

In August 2023, Headwater filed a patent infringement case against Defendants Motorola Mobility LLC, Lenovo (United States) Inc., and Lenovo Group Ltd. (collectively "Defendants" or "Motorola") in the Northern District of California. Dkt. No. 1. The complaint asserts infringement of U.S. Patent No. 9,198,076 ("the '076 Patent") and 10,749,700 ("the ''700 Patent," collectively the "Asserted Patents"). Defendants' deadline to file an answer has not yet passed, and Defendants have not answered or entered appearances in this case.

**3.     LEGAL ISSUES**

Headwater's suit alleges patent infringement. The current legal issues, which may change as the case progresses, are:

   A.  The proper construction of the asserted claims of the Asserted Patents;

   B.  Whether Defendants infringe the Asserted Patents under 35 U.S.C. § 271;

   C.  The nature and amount of damages and interest, if any, to which Plaintiff is entitled;

   D.  Whether Defendants have willfully infringed the Asserted Patents and whether any

1            damages should be increased under 35 U.S.C. § 284;

2        E.   The nature and amount of costs and reasonable attorney's fees, if any, to which

3              Plaintiff or Defendants are entitled;

4        F.   Whether this case is exceptional within the meaning of 35 U.S.C. § 285.

5       Headwater anticipates that the parties may raise or dispute issues not identified in the

6 foregoing list. Headwater will meet and confer with Defendants regarding the legal issues in this

7 case.

8 **4.**      **MOTIONS**

9       There are no pending or prior motions before the Court. Headwater anticipates dispositive

10 motions will be filed in this case, including summary judgment motions. Headwater will meet and

11 confer with Defendants regarding motions.

12 **5.**      **AMENDMENT OF PLEADINGS**

13       Headwater will meet and confer with Defendants regarding the amendment of pleadings.

14 **6.**      **EVIDENCE PRESERVATION**

15       Headwater has reviewed the Guidelines for the Discovery of Electronically Stored

16 Information ("ESI Guidelines").  Headwater is aware of its obligation to cooperate on issues relating

17 to the preservation, collection, search, review, and production of ESI and that the proportionality

18 standard in Federal Rule of Civil Procedure 26(b)(1) applies to discovery.

19       Headwater will meet and confer with Defendants regarding steps taken to preserve evidence

20 related to the issues reasonably evident in this action and the preservation of any such evidence.

21 **7.**      **DISCLOSURES**

22       Initial disclosures have not yet been served. Defendants' deadline to file an answer has not

23 yet passed, and Defendants have not answered or entered appearances in this case. Headwater will

24 meet and confer with Defendants regarding initial disclosures.

25 **8.**      **DISCOVERY**

26       No discovery has been taken to date. Headwater will meet and confer with Defendants

27 regarding discovery.

28 **9.**      **CLASS ACTIONS**

1    This litigation is not a class action.

2    **10.    RELATED CASES**

3    Headwater states that there are no related cases involving the same patents.

4    **11.    RELIEF**

5    Headwater seeks a judgment in favor of Headwater that Defendants have infringed the

6    Asserted Patents, and that the Asserted Patents are valid and enforceable; a judgment and order

7    requiring Defendants to pay Headwater past and future damages arising out of Defendants'

8    infringement of the Asserted Patents in an amount no less than a reasonable royalty, costs, expenses,

9    and pre- and post-judgment interest for its infringement of the asserted patents, as provided under

10   35 U.S.C. § 284; a permanent injunction prohibiting Defendants from further acts of infringement

11   of the Asserted Patents; a judgment and order requiring Defendants to provide an accounting and to

12   pay supplemental damages to Headwater, including, without limitation, pre-judgment and post-

13   judgment interest; a judgement that Defendants' infringement is willful and enhanced damages and

14   fees as a result of that willfulness under 35 U.S.C. § 284; a finding that this case is exceptional under

15   35 U.S.C. § 285, and an award of Headwater' reasonable attorney's fees and costs; and any and all

16   other relief to which Headwater may be entitled. Dkt. No. 1.

17   Pursuant to Patent L.R. 2-1(b)(5), Headwater states that it is unable to provide an estimate

18   of the damages range expected for the case at this time. To generate such an estimate, Headwater

19   will require information from Defendants about Defendants' revenue attributable to the products

20   accused of infringement in this case. In addition, Headwater will require information from

21   Defendants about facts relevant to a hypothetical negotiation, including but not limited to

22   Defendants' patent licensing practices and history. Pursuant to discovery obtained in this case,

23   Headwater expects to be able to provide a non-binding, good-faith estimate of the damages range in

24   advance of providing its damages contentions pursuant to Patent L.R. 3-8.

25   **12.    SETTLEMENT AND ADR**

26   Headwater will meet and confer with Defendants regarding settlement and ADR, including

27   compliance with ADR Local Rule 3-5.

28

**13.    OTHER REFERENCES**

Headwater will meet and confer with Defendants regarding whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

Headwater will meet and confer with Defendants regarding narrowing of issues.

**15.    SCHEDULING**

Headwater will meet and confer with Defendants regarding proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**16.    TRIAL**

Headwater demands a trial by jury. Dkt. No. 1. Headwater will meet and confer with Defendants regarding the expected length of trial.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Headwater previously filed its Certification of Interested Entities as required by Civil Local Rule 3-15. Dkt. No. 4. Headwater restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party.

| Name/Entity | Connection/Interest |
| --- | --- |
| HEADWATER RESEARCH LLC<br>110 North College Ave, Suite 1116<br>Tyler, TX 75702 | Plaintiff. |
| RUSS AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025 | Trial counsel for Plaintiff. |

**18.    PROFESSIONAL CONDUCT**

All attorneys of record for Headwater certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| 1 | Dated:  December 12, 2023 |

Respectfully submitted,

/s/ Jason M. Wietholter

Marc Fenster
mfenster@raklaw.com
Reza Mirzaie
rmirzaie@raklaw.com
Brian Ledahl
bledahl@raklaw.com
Ben Wang
bwang@raklaw.com
Paul Kroeger
pkroeger@raklaw.com
Neil A. Rubin
nrubin@raklaw.com
James S. Tsuei
jtsuei@raklaw.com
Philip Wang
pwang@raklaw.com
Amy Hayden
ahayden@raklaw.com
Jason M. Wietholter
jwietholter@raklaw.com
Kristopher Davis
kdavis@raklaw.com
Dale Chang
dchang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Plaintiff,*
Headwater Research LLC

1

## **FILER'S ATTESTATION**

2        I, Jason M. Wietholter, am the ECF user whose ID and password are being used to file this

3  Case Management Conference Statement. In compliance with Civil Local Rule 5-1(h)(3), I attest

4  that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's

5  content, and have authorized the filing.

6

7  Date:  December 12, 2023                    */s/ Jason M. Wietholter*

                                              Jason M. Wietholter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2
3

I hereby certify that a true and correct copy of the foregoing is being served by messenger on the following parties on December 13, 2023:

4
5

**Motorola Mobility LLC**
330 North Brand Boulevard, Suite 700
Glendale, CA 91203

6
7
8

**Lenovo (United States) Inc.**
2150 North First Street
San Jose, CA 95131

9
10

**Lenovo Group Ltd.**
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

11

*/s/ Jason M. Wietholter*
Jason M. Wietholter

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28