1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| HEADWATER RESEARCH LLC, | Case No. 4:23-cv-04496-JST |
|---|---|
| *Plaintiff*, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT & PROPOSED ORDER** |
| v. | |
| MOTOROLA MOBILITY LLC, et al., | Date: January 30, 2024<br>Time: 2:00 p.m.<br>Dept: Courtroom 6 – 2nd Floor<br>Judge: The Honorable Jon S. Tigar |
| *Defendants*. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT CONFERENCE STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. JURISDICTION AND SERVICE**

This Court has subject-matter jurisdiction over this patent case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*. Venue is proper in this judicial district pursuant 28 U.S.C § 1400(b).

At this time, no issues exist regarding personal jurisdiction or venue, and all parties have been served.

**2. FACTS**

In August 2023, Plaintiff Headwater Research LLC ("Plaintiff" or "Headwater") filed a patent case against Defendants Motorola Mobility LLC and Lenovo (United States) Inc. (collectively "Defendants" or "Motorola") in the Northern District of California. Dkt. No. 1. The complaint also originally named Lenovo Group Ltd., but Lenovo Group Ltd. was dismissed from this action without prejudice following the parties filing a joint stipulation to dismiss under Rule 41(a)(1)(A). Dkt. No. 39. The complaint asserted two U.S. patents:

- 9,198,076
- 10,749,700

Dkt. No. 1. Defendants have not yet filed an answer. The parties stipulated that Defendants' answer is due on February 20, 2024. Dkt. No. 38.

**3. LEGAL ISSUES**

Headwater's suit alleges patent infringement. The current legal issues in dispute, which may change as the case progresses, are:

A. The proper construction of the asserted claims of the Asserted Patents;

B. Whether Defendants infringe the Asserted Patents under 35 U.S.C. § 271;

C. Whether the Asserted Patents are valid and comport with the requirements of 35 U.S.C. §§ 101, 102, 103 and 112;

D. The nature and amount of damages and interest, if any, to which Plaintiff is entitled;

E.  Whether Plaintiff is entitled to injunctive relief;

F.  Whether Defendants have willfully infringed the Asserted Patents and whether any damages should be increased under 35 U.S.C. § 284;

G.  The nature and amount of costs and reasonable attorney's fees, if any, to which Plaintiff or Defendants are entitled;

H.  Whether this case is exceptional within the meaning of 35 U.S.C. § 285.

The parties reserve their right to raise or dispute issues not identified in the foregoing list.

**4.   MOTIONS**

**Pending Motions**

There are no pending motions before the Court.

**Anticipated Motions**

The parties anticipate dispositive motions will be filed in this case, including summary judgment motions. The parties anticipate filing a joint motion for a protective order governing the confidentiality of information and the review of source code in this matter, as well as a joint motion for an order governing the treatment of electronically stored information (ESI) in discovery. The parties also reserve the right to file additional motions as the case develops and the need arises.

**Prior Motions**

There are no prior motions.

**5.   AMENDMENT OF PLEADINGS**

The parties propose April 15, 2024, as the deadline for amending pleadings without leave of the Court.

**6.   EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines"). They are aware of their obligation to cooperate on issues relating to the preservation, collection, search, review, and production of ESI and that the proportionality standard in Federal Rule of Civil Procedure 26(b)(1) applies to discovery. The parties anticipate that they will enter a stipulated ESI order.

The parties have met and conferred regarding steps taken to preserve evidence related to the issues reasonably evident in this action, and each party represents that it has taken appropriate and reasonable measures to preserve any such evidence.

**7.   DISCLOSURES**

The parties propose exchanging initial disclosures within 14 days of the parties' Case Management Conference (*i.e.*, February 13, 2024).

**8.   DISCOVERY**

The parties agree that fact discovery shall be conducted without phases, except as specifically provided in any stipulated production protocol for ESI. As noted above, the parties have reviewed the Court's ESI Guidelines and anticipate entering a stipulated ESI order. The parties agree that fact discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Court's orders.

**9.   CLASS ACTIONS**

This litigation is not a class action.

**10.   RELATED CASES**

There are no related cases involving the same patents or parties.

**11.   RELIEF**

<u>**Headwater's Statement**</u>

Plaintiff seeks compensatory damages in an amount to be proven at trial but in no event less than a reasonable royalty; a permanent injunction prohibiting Defendants from further acts of infringement; a finding that this case is exceptional under 35 U.S.C. § 285 and that Plaintiff is entitled to their attorneys' fees; enhanced damages as a result of Defendants' willful infringement; an award of prejudgment and post-judgment interest, costs, and other expenses; and such other and further relief as the Court may deem just and proper.

Pursuant to Patent L.R. 2-1(b)(5), Plaintiff states that they are unable to provide an estimate of the damages range expected for the case at this time. To generate such an estimate, Plaintiff will require information from Defendants about Defendants' revenue attributable to the products accused of infringement in this case. In addition, Plaintiff will require information from Defendants about

facts relevant to a hypothetical negotiation, including but not limited to Defendants' patent licensing practices and history.

**Motorola's Statement**

Defendants deny that Headwater is entitled to any relief. Defendants seek:

- judgment in Defendants' favor and against Headwater dismissing Headwater's complaint in its entirety with prejudice;
- a finding that each asserted claim of the Asserted Patents is not infringed by Defendants and/or is invalid;
- a declaration that this an exceptional case pursuant to 35 U.S.C. § 285 and an award of Defendants' costs, attorney's fees, and expenses; and
- other and additional relief as this Court deems just and proper.

**12. SETTLEMENT AND ADR**

In accordance with ADR Local Rule 3-5, counsel for the parties have met and conferred regarding ADR options offered by the Northern District of California. The parties agree that at the present time this case is best suited for private mediation. The parties will continue to work in good faith to reach an agreement on timing of an ADR session, but agree that the ADR session should occur after the Court enters a claim construction order in this case.

**13. OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The parties will continue to narrow issues by agreement and/or motion. The parties will also seek to stipulate as to facts not reasonably in dispute.

**15. EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this case is appropriate for an expedited schedule under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. SCHEDULING**

The parties' proposed schedule is indicated in **Exhibit A**.[1]

As to all deadlines not specifically proposed in Exhibit A, the parties agree that deadlines in this action will be governed by the time limits specified in the Federal Rules of Civil Procedure, the Civil Local Rules and Patent Local Rules of the Northern District of California, and the Court's orders. The parties agree that a document is deemed served on a particular day if it (or an email providing access to it) is sent by midnight Pacific Time on that calendar day, and that any documents filed under seal should be promptly served shortly after filing the document on ECF.

**17.   TRIAL**

The parties agree to a trial by jury.  The parties anticipate that trial will take between five and seven business days.

**18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed or will file their respective Certification of Interested Entities as required by Civil Local Rule 3-15. Dkt. No. 4.

**19.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.   OTHER**

The parties consent to e-mail service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). The parties may continue to serve by any permissible method of their choice. This agreement does not require separate service of documents filed on ECF, service of which shall continue to be effective on the parties as provided by General Order No. 45 § IX.  The parties agree that a courtesy copy of any document to be served by a method other than e-mail or ECF will be sent to the attorneys of record for the receiving party by e-mail on the date service is made.

---

[1] The parties understand that the Court often sets the schedule through the *Markman* hearing at the Initial Case Management Conference and sets the remaining schedule through trial at a later point in the case. Therefore, while the parties have some disagreements regarding the post-*Markman* schedule, the parties have included proposed dates (as required by this Court's standing order) to avoid burdening the Court with disputes regarding the post-*Markman* case schedule at this point. But each party reserves the right to propose further modifications to the appropriate schedule as-needed post-*Markman*.

**21.     PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(B)**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

    a.    **Agreed Proposed Schedule (Patent L.R. 2-1(b)(1)-(2))**

The parties' agreed proposed schedule is in **Exhibit A**.

    b.    **The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing. (Patent L.R. 2-1(b)(3))**

The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Asserted Patents, the technology involved, and the number and nature of claim terms that remain in dispute. The parties do not currently anticipate that they will seek to present live expert witness testimony at the claim construction hearing but wish to follow the Court's preferences on this issue.

The parties anticipate requesting 90 minutes for the hearing, with each side entitled to half the total time permitted.

    c.    **How the parties intend to educate the court on the technology at issue. (Patent L.R. 2-1(b)(4))**

The parties defer to the Court's preference on whether or not the Court would find a tutorial regarding the technology at issue helpful. The parties could present such a tutorial in conjunction with their claim construction arguments or at the Court's convenience.

    d.    **Non-binding, good-faith estimate of the damages range. (Patent L.R. 2-1(b)(4))**

**Headwater's Statement**

Plaintiff seeks compensatory damages in an amount to be proven at trial but in no event less than a reasonable royalty; a permanent injunction prohibiting Defendants from further acts of infringement; a finding that this case is exceptional under 35 U.S.C. § 285 and that Plaintiff is entitled to their attorneys' fees; enhanced damages as a result of Defendants' willful infringement; an award of prejudgment and post-judgment interest, costs, and other expenses; and such other and further relief as the Court may deem just and proper.

Pursuant to Patent L.R. 2-1(b), Plaintiff states that they have insufficient information at this

time to provide an estimate of the damages range expected for the case. To generate such an estimate, Plaintiff requires information from Defendants about its revenue attributable to the Accused Products. In addition, Plaintiff will require information from Defendants about factors relevant to a hypothetical negotiation, including but not limited to Defendants' patent licensing practices and history.

**Motorola's Statement**

Defendants do not believe that Plaintiff is entitled to any damages and proving any damages is Plaintiff's burden. Moreover, given the incomplete nature of Plaintiff's infringement allegations, Defendant has insufficient information at this time to provide any estimate of the damages range expected for the case.

| | |
|---|---|
| Dated: January 23, 2024 | Respectfully submitted, |
| /s/ Marc Fenster | /s/ Daniel C. Cooley |
| Marc Fenster<br>mfenster@raklaw.com<br>Reza Mirzaie<br>rmirzaie@raklaw.com<br>Brian Ledahl<br>bledahl@raklaw.com<br>Ben Wang<br>bwang@raklaw.com<br>Paul Kroeger<br>pkroeger@raklaw.com<br>Neil A. Rubin<br>nrubin@raklaw.com<br>James S. Tsuei<br>jtsuei@raklaw.com<br>Philip Wang<br>pwang@raklaw.com<br>Amy Hayden<br>ahayden@raklaw.com<br>Jason M. Wietholter<br>jwietholter@raklaw.com<br>Kristopher Davis<br>kdavis@raklaw.com<br>Dale Chang<br>dchang@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-9226<br><br>*Attorneys for Plaintiff,*<br>Headwater Research LLC | Jacob A. Schroeder (SBN 264717)<br>  jacob.schroeder@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,**<br>  **GARRETT & DUNNER, LLP**<br>3300 Hillview Avenue<br>Palo Alto, California  94304<br>Telephone:     (650) 849-6600<br>Facsimile:       (650) 849-6666<br><br>Daniel C. Cooley (*pro hac vice*)<br>  daniel.cooley@finnegan.com<br>Daniel M. Jordan (*pro hac vice* to be filed)<br>  dan.jordan@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,**<br>  **GARRETT & DUNNER, LLP**<br>1875 Explorer Street<br>8th Floor<br>Reston, VA, US, 20190-6023<br>Telephone:     (571) 203-2700<br>Facsimile:       (571) 203-2777<br><br>Andrea G. Mills (*pro hac vice* to be filed)<br>  gracie.mills@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,**<br>  **GARRETT & DUNNER, LLP**<br>901 New York Avenue NW<br>Washington, DC 20001-4413<br>Telephone:     (202) 408-4000<br>Facsimile:       (202) 408-4400<br><br>*Attorneys for Defendants*<br>*Motorola Mobility LLC and*<br>*Lenovo (United States) Inc.* |

**FILER'S ATTESTATION**

I, Marc Fenster, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement.  In compliance with Civil Local Rule 5-1(h)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Date:  January 23, 2024                                                    */s/ Marc Fenster*
                                                                                            Marc Fenster

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

                                      HONORABLE JON S. TIGAR
                                    UNITED STATES DISTRICT JUDGE