Jacob A. Schroeder (SBN 264717)
  jacob.schroeder@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Daniel C. Cooley (*pro hac vice*)
  daniel.cooley@finnegan.com
Daniel M. Jordan (*pro hac vice*)
  dan.jordan@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
1875 Explorer Street, 8th Floor
Reston, VA, US, 20190-6023
Telephone:     (571) 203-2700
Facsimile:      (571) 203-2777

Andrea G. Mills (*pro hac vice*)
  gracie.mills@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001-4413
Telephone:     (202) 408-4000
Facsimile:      (202) 408-4400

*Attorneys for Defendants*
*Motorola Mobility LLC and*
*Lenovo (United States) Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC AND LENOVO (UNITED STATES) INC.,<br><br>   Defendants. | Case No. 4:23-cv-04496-JST<br><br>**DECLARATION OF JACOB A. SCHROEDER IN SUPPORT OF THE PARTIES' JOINT STIPULATION AND PROPOSED STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

I, Jacob A. Schroeder, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, and counsel of record for Defendants Motorola Mobility LLC and Lenovo (United States) Inc. I am admitted to practice before the Northern District of California. The following statements are based on my own personal knowledge, and if called as a witness, I could testify thereto.

2. Pursuant to the Standing Order for All Civil Cases Before District Judge Jon S. Tigar, I make this declaration in support of the Parties' Joint Stipulation And Proposed Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

3. The Parties propose the following modifications to the Court's Model Protective Order that removes or includes language denoted as optional in the Court's Model Order:

   a. various edits to clarify House Counsel shall not access information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The intent of the Parties' edits is to preclude House Counsel from accessing information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Party or Non-Party according to the Court's Model Order. These edits remove the optional definition of "Designated House Counsel" and all optional references thereto;

   b. various edits to include optional provisions for information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" found in the Court's Model Order;

   c. removal of alternative provisions for judicial intervention burden shifting found in ¶ 6.3 of the Court's Model Order

   d. removal of alternative language on secure information storage found in ¶ 7.1 of the Court's Model Order;

   e. removal of Restrictions on Expert use of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designated information found in ¶ 7.3 of the Court's Model Order;

   f. edits to include the optional PROSECUTION BAR provisions found in ¶ 8 of the Court's model order;

      g.    removal of optional provisions governing access restrictions to source code found in ¶ 9 of the Court's Model Order;

      h.    removal of alternative provision regarding the use of inadvertently produced privileged or otherwise protected material found in ¶ 13 of the Court's Model Order; and

      i.    removal of optional provisions on Export Control found in ¶ 14.3 of the Court's Model Order.

4.    In addition, the Parties propose further modifications to ¶ 8 of the Court's Model Order governing the Prosecution Bar. The Parties have proposed modifications to clarify that counsel may participate in activities defending a patent in, for example, post grant proceedings before the United States Patent and Trademark Office provided that such counsel will not rely on or use any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information and that counsel who have accessed such information will not participate in any activities that will affect the scope of the claims.

5.    The Parties respectfully request that the Court grant the Joint Stipulation and Proposed Stipulated Protective Order. Attached hereto is Exhibit A containing the Parties' Proposed Stipulated Protective Order and attached hereto is Exhibit B illustrating the Parties' proposed changes to the Model Order in redline form.

6.    I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 5th day of June, 2024.

                                   */s/ Jacob A. Schroeder*
                                   Jacob A. Schroeder