1  Jacob A. Schroeder (SBN 264717)
    jacob.schroeder@finnegan.com
2  **FINNEGAN, HENDERSON, FARABOW,**
    **GARRETT & DUNNER, LLP**
3  3300 Hillview Avenue
    Palo Alto, CA 94304-1203
4  Telephone:    (650) 849-6600
    Facsimile:     (650) 849-6666
5
   Daniel C. Cooley (*pro hac vice*)
6    daniel.cooley@finnegan.com
   Daniel M. Jordan (*pro hac vice*)
7    dan.jordan@finnegan.com
   **FINNEGAN, HENDERSON, FARABOW,**
8    **GARRETT & DUNNER, LLP**
   1875 Explorer Street, 8th Floor
9  Reston, VA 20190-6023
   Telephone:    (571) 203-2700
10 Facsimile:     (571) 203-2777
11 Andrea G. Mills (*pro hac vice*)
     gracie.mills@finnegan.com
12 **FINNEGAN, HENDERSON, FARABOW,**
     **GARRETT & DUNNER, LLP**
13 901 New York Avenue NW
   Washington, DC 20001-4413
14 Telephone:    (202) 408-4000
   Facsimile:     (202) 408-4400
15
16 *Attorneys for Defendants*
   *Motorola Mobility LLC and*
   *Lenovo (United States) Inc.*
17

18              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
19                    **OAKLAND DIVISION**

20

21 HEADWATER RESEARCH LLC,              Case No. 4:23-cv-04496-JST

22              Plaintiff,              **DEFENDANTS MOTOROLA**
                                        **MOBILITY LLC AND LENOVO**
23         v.                           **(UNITED STATES) INC.'S NOTICE OF**
                                        **MOTION AND MOTION TO STAY**
24 MOTOROLA MOBILITY LLC AND            **PENDING DETERMINATION OF**
   LENOVO (UNITED STATES) INC.,         ***INTER PARTES* REVIEW OF THE**
25                                      **PATENTS-IN-SUIT**
              Defendants.
26                                      Date:        October 10, 2024
27                                      Time:        2:00 p.m.
                                        Location:    Courtroom 6, 2nd Floor
28                                      Judge:       Hon. Jon S. Tigar

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     LEGAL STANDARD ............................................................................................2

III.    RELEVANT BACKGROUND FACTS ...............................................................2

IV.     ARGUMENT..........................................................................................................3

        A.      Factor 1: The Case Is In Its Early Stages and No Trial Date Is Set......3

        B.      Factor 2: A Stay Will Simplify the Case ................................................5

        C.      Factor 3: A Stay Will Not Unduly Prejudice or Present a Tactical
                Disadvantage to Headwater ....................................................................6

V.      CONCLUSION .......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acoustic Tech., Inc. v. Silver Springs Networks, Inc.*, No. 17- cv-02176-SK, 2017 WL 6001615
(N.D. Cal. July 25, 2017) ........................................................................................................ 6

*AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011) ................................ 4

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 U.S. Dist. LEXIS
142858 (N.D. Cal. Oct. 7, 2014) ....................................................................................... 4, 6, 8

*Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032 (N.D. Cal. 2015) ...................................... 5, 9

*GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-3590-JST, 2017 U.S. Dist. LEXIS 92480, at *8 (N.D.
Cal. June 15, 2017) ............................................................................................................... 5

*Jenam Tech LLC v. Google LLC*, No. 21-cv-07994-JST (N.D. Cal. Sept. 26, 2022) ........................ 10

*MindbaseHQ LLC v. Google LLC*, No. 21-CV-03603-JST, 2021 U.S. Dist. LEXIS 253443 (N.D.
Cal. Nov. 1, 2021) ........................................................................................................... 3, 6, 9

*PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022 (N.D. Cal. 2014). ........................ 3, 6, 8

*SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-CV-06441-JST, 2015 U.S. Dist. LEXIS 1056
(N.D. Cal. Jan. 5, 2015) ...................................................................................................... 5, 9

*Symantec Corp. v. ZScaler, Inc.*, No. 17-cv-04426-JST, 2018 U.S. Dist. LEXIS 122854 (N.D. Cal.
July 23, 2018) ..................................................................................................................... 4, 5

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 U.S. Dist. LEXIS 72002
(N.D.Cal. Apr. 29, 2019) ...................................................................................................... 6, 7

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028 (N.D. Cal. 2013) .... 5

*Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) ........................... 4

*VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307 (Fed. Cir. 2014); ........................................ 10

*WirelessWerx IP, LLC v. Google LLC*, No. 23-cv-01852 (July 18, 2023) ............................. 6, 7, 8, 9

*Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946 (N.D. Cal. June 17, 2019) ....................................... 2

**Statutes**

35 U.S.C. § 101 ................................................................................................................. 3

35 U.S.C. § 313 ................................................................................................................. 7

35 U.S.C. § 314 ................................................................................................................. 7

**Regulations**

37 C.F.R. § 42.107 ............................................................................................................ 7

1

**NOTICE OF MOTION AND MOTION**

2

PLEASE TAKE NOTICE THAT on October 10, 2024, at 2:00 p.m., or as soon thereafter as

3

the matter may be heard, in Courtroom 6 of the United States District Court for the Northern District

4

of California, Oakland Division, 1301 Clay Street, Oakland, California 94612, Defendants Motorola

5

Mobility LLC and Lenovo (United States) Inc. (collectively, "Defendants") will move this Court for

6

an order staying this case pending resolution by the Patent Trial and Appeal Board ("PTAB") of the

7

*inter partes review* petitions filed by Defendants challenging the patentability of all claims of the

8

asserted patents, including any appeals.

9

Stay is warranted because all relevant factors that courts in this District consider weigh in

10

favor of a stay: this case is at an early stage, the IPR is likely to significantly simplify issues before

11

this Court, and a stay will not prejudice Plaintiff Headwater Research LLC ("Headwater").

12

This motion is based upon the following Memorandum of Points and Authorities; the

13

Declaration of Daniel C. Cooley filed herewith; and any such additional material or argument as may

14

be submitted to the Court before its decision.

15

**STATEMENT OF RELIEF REQUESTED**

16

Defendants respectfully request that the Court stay this case pending resolution of *inter*

17

*partes review* of the asserted patents, including any appeals.

18

**STATEMENT OF ISSUES TO BE DECIDED**

19

Whether this case should be stayed pending resolution of the *inter partes* review of the

20

asserted patents, including any appeals.

21

**MEMORANDUM OF POINTS AND AUTHORITIES**

22

**I.     INTRODUCTION**

23

This case should be stayed pending the PTAB's decision whether to institute Defendants'

24

petitions for *inter partes* review ("IPR") and, if the IPRs are instituted, pending final resolution of

25

the IPRs. Courts in this district have granted such pre-institution stays where, as here, all relevant

26

factors weigh in favor of the stay. First, the early stage of this case favors a stay. Claim construction

27

has not yet been briefed, let alone ruled on by this Court, and no trial date is set. Limited fact

28

discovery has been conducted and neither side has noticed or taken any depositions. And neither

expert discovery nor dispositive motion practice has begun. Second, a stay will simplify, and could eliminate, the issues in this case. Defendants' IPR petitions challenge the patentability of all claims of the asserted patents. Statistics from the PTAB show a high likelihood these IPRs will be instituted and, even if not, the parties and the Court will have the benefit of the PTAB's analysis of the patents. Third, the requested stay will not prejudice or tactically disadvantage Headwater, which is a patent licensing entity that does not compete with Defendants. Accordingly, Defendants respectfully request that the Court stay this case, at least until the PTAB decides whether to institute Defendants' IPR petitions and, if the IPRs are instituted, through their resolution, including any appeals.

## II.    LEGAL STANDARD

In determining whether to stay a case pending review by the PTAB, courts consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 955–56 (N.D. Cal. June 17, 2019) (citation omitted).

In the context of stays pending IPR, courts in this district have recognized that "judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 U.S. Dist. LEXIS 160372, at *2 (N.D. Cal. Nov. 13, 2014). Accordingly, courts in this district have employed "a liberal policy in favor of granting motions to stay" pending IPR. *Zomm*, 391 F. Supp. 3d at 956.

## III.    RELEVANT BACKGROUND FACTS

On November 29, 2023, Defendants were served with Headwater's Complaint alleging infringement of U.S. Patent No. 9,198,076 ("the '076 Patent") and U.S. Patent No. 10,749,700 ("the '700 Patent") (collectively, "the asserted patents"). Dkt. 1; Dkt. 29. On February 27, 2024, Defendants filed a motion to dismiss Headwater's Complaint because the '076 and '700 patents are ineligible under 35 U.S.C. § 101, and the Court has not ruled on this motion. Dkt. 54. Claim construction briefing has not yet started and will not be completed until October 2, 2024. Dkt. 69.

1   The Tutorial and Claim Construction Hearings have been postponed until November 4, 2024, and

2   November 18, 2024, respectively, and a trial date has not yet been set. Dkt. 67.

3   Defendants timely filed IPR petitions challenging the asserted patents on August 12, 2024,

4   months before the one-year statutory deadline. Cooley Decl., Exs. B, C. These IPR petitions

5   challenge every claim of the asserted patents. *Id.* Defendants expect institution decisions by

6   February 2025. Defendants now file this motion to stay only four days after filing the IPR petitions.

7   For the reasons stated below, Defendants seek an immediate stay of this case at least through the

8   PTAB's decision whether to institute IPR and, if instituted, at least through the termination of those

9   proceedings and any appeals therefrom.

10  **IV.    ARGUMENT**

11  All factors favor staying this case pending resolution of Defendants' IPR petitions.

12  **A.    Factor 1: The Case Is In Its Early Stages and No Trial Date Is Set**

13  Under this factor, the Court considers: (1) whether parties have engaged in costly expert

14  discovery and dispositive motion practices; (2) whether the court has issued its claim construction

15  order; and (3) whether the court has set a trial date. *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F.

16  Supp. 3d 1022, 1025–1026 (N.D. Cal. 2014). Not one of these has occurred. Rather, these sub-

17  factors show how much of this case remains ahead. The parties have not yet engaged in expert

18  discovery or summary judgment motions practice, and the court has not ruled on Defendants' motion

19  to dismiss. *See, e.g., MindbaseHQ LLC v. Google LLC*, No. 21-CV-03603-JST, 2021 U.S. Dist.

20  LEXIS 253443, at *8 (N.D. Cal. Nov. 1, 2021) (finding a "pending motion to dismiss" that was "not

21  yet resolved" weighed in favor of a stay). While the parties have engaged in minimal fact discovery

22  to date, neither side has noticed or taken any depositions. Nor has the Court issued its claim

23  construction order; indeed, the parties' claim construction briefing has not even begun. A trial date

24  has also not yet been set.

25  At such a stage, this Court has found this factor favors a stay. In *Cypress Semiconductor

26  Corp. v. GSI Technology, Inc.*, for example, this Court found this factor favors a stay where "no

27  other dates aside from the . . . claim construction hearing date have been set." No. 13-cv-02013-JST,

28  2014 U.S. Dist. LEXIS 142858, at *5 (N.D. Cal. Oct. 7, 2014) (granting a stay). As in *Cypress*,

1  "while the parties have engaged in some discovery, the Court has not set dates for the close of fact or

2  expert discovery, [and] no depositions have been taken or scheduled[.]" *Id.* at *5–*6*; see also*

3  *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding "this

4  factor strongly favors a stay" where "[a]lthough many documents and discovery requests had been

5  exchanged, fact discovery was still ongoing, . . . no fact witnesses had been deposed[,]" and "the

6  parties had not filed any expert reports or taken any expert depositions."); *Symantec Corp. v.*

7  *ZScaler, Inc.*, No. 17-cv-04426-JST, 2018 U.S. Dist. LEXIS 122854, at *4–*5 (N.D. Cal. July 23,

8  2018) (finding this factor favors a stay where "[c]laim construction discovery is closed . . . but fact

9  and expert discovery is ongoing[,]" "the Court has not held a *Markman* hearing or issued a claim

10 construction order," and "the Court has not set a deadline for dispositive motions or a trial date");

11 *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (granting stay

12 where parties had not exchanged expert reports and court had not held claim construction hearing).

13      Indeed, this Court has found this factor favors a stay even in cases where the parties—and the

14 Court—had invested more resources than here. In *GoPro, Inc. v. C&A Marketing, Inc.*, for example,

15 this Court found the case was "in its early stages" even where "the technology tutorial and *Markman*

16 hearing [were] just weeks away." No. 16-cv-3590-JST, 2017 U.S. Dist. LEXIS 92480, at *8 (N.D.

17 Cal. June 15, 2017). Likewise, in *SAGE Electrochromics, Inc. v. View, Inc.*, this Court found "the

18 case [was] not so far along as to weigh against a stay" even where the Court's resources had been

19 expended on "a discovery dispute" and "claim construction for four patents." No. 12-CV-06441-

20 JST, 2015 U.S. Dist. LEXIS 1056, at *7 (N.D. Cal. Jan. 5, 2015). *See also Symantec*, 2018 U.S. Dist.

21 LEXIS 122854 at *4–*5 (finding this factor favored a stay where the Court had "ruled on one

22 motion to dismiss and a motion for judgment on the pleadings"); *Universal Elecs., Inc. v. Universal*

23 *Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (N.D. Cal. 2013) ("The Court's expenditure of

24 resources is an important factor in evaluating the stage of the proceedings.").

25      While Defendants' IPRs have not yet been instituted, staying the case now will avoid the

26 expenditure of resources in this case. "Were the Court to deny the stay until a decision on institution

27 is made, the parties and the Court would expend significant resources on issues that could eventually

28 be mooted by the IPR decision." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D.

1   Cal. 2015). For this reason, this Court has granted such pre-institution stays. *See, e.g., WirelessWerx*
2   *IP, LLC v. Google LLC,* No. 23-cv-01852 (July 18, 2023) (granting a stay prior to institution of
3   IPR); *MindbaseHQ*, 2021 U.S. Dist. LEXIS 253443, at *10 (same).

4       Thus, because significant factual discovery, expert discovery, dispositive motion practice,
5   and claim construction all lie ahead, and no trial date has yet been set, staying this case now will
6   conserve the parties' and the Court's resources. This factor strongly favors a stay.

7       **B.      Factor 2: A Stay Will Simplify the Case**

8       This factor also favors a stay because the PTAB's analysis[1] of the Defendants' IPR petitions
9   will simplify the case, regardless of whether they are instituted. Defendants' IPR petitions challenge
10   every claim of both asserted patents, Cooley Decl., Exs. B, C, meaning "[t]here is a significant
11   possibility that *inter partes* review will simplify the infringement issues for trial." *Cypress*, 2014
12   U.S. Dist. LEXIS 142858 at *6–*7. As this Court has explained: "Either the claims . . . will become
13   moot, or the Court will have the benefit of the PTAB's findings. Under both outcomes, the issues in
14   question and trial of the case will be simplified." *PersonalWeb*, 69 F. Supp. 3d at 1027–28 (N.D.
15   Cal. 2014); *see also Acoustic Tech., Inc. v. Silver Springs Networks, Inc.*, No. 17- cv-02176-SK,
16   2017 WL 6001615, at *2 (N.D. Cal. July 25, 2017) (The "[d]evelopment of the record for IPR may
17   also clarify claim construction positions for the parties and encourage settlement[.]").

18       On this point, *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.* is instructive. No. 18-cv-06737-JST,
19   2019 U.S. Dist. LEXIS 72002, at *12 (N.D.Cal. Apr. 29, 2019). In *Uniloc*, this Court found that a
20   pre-institution stay was appropriate for "at least three reasons[,]" all of which apply here. *Id.* "First,
21   the requested stayed presents the maximum potential for simplification of issues, as all the asserted
22   claims are challenged in the IPR petitions." *Id.* "Second, given the degree to which the PT[AB]'s
23   decisions may impact th[is] case[], it would be particularly wasteful to require the parties to proceed
24   with preparations and filings that may be reshaped or entirely mooted a short while later." *Id.*
25   Indeed, it would be wasteful for the Court to expend resources conducting a claim construction
26   hearing and issuing a claim construction order in this case, only to have issues arise during the IPRs

27   _____

28       [1] The case would also be simplified by any arguments Headwater makes prior to institution
    in a Preliminary Response and, if the IPRs are instituted, by the parties in any subsequent briefing.

that require the Court to do so again. Finally, "[a] temporary stay . . . until the PT[AB] makes its decisions will cause relatively little delay to this case or prejudice to the parties." *Id.* In *Uniloc*, the institution decisions were expected in "less than four months." *Id.* Likewise, institution decisions for Defendants' IPR petitions are expected by February 2024, only six months from now.[2] Cooley Decl., Exs. B, C. Thus, here, as in *Uniloc*, "the potential for simplification outweighs the uncertainty inherent in a pre-institution stay." 2019 U.S. Dist. LEXIS 72002 at *12–*13.

Finally, PTAB statistics suggest institution of Defendants' IPR petitions, and invalidation of at least some claims, is likely. *See, e.g., WirelessWerx*, No. 23-cv-01852 (July 18, 2023) (crediting PTAB statistics in finding this factor favored a pre-institution stay). A large majority of IPR petitions challenging patents of the same general subject matter as the asserted patents are instituted, and the majority of final written decisions issued by the PTAB have resulted in invalidation of at least some of the claims asserted. Ex. D (PTAB Trial Statistics illustrating that patents in the "Electrical/Computer" field were instituted at a rate of 70% and nearly 67% of FWDs invalidate at least one claim[3]).

Because Defendants' IPRs will simplify this case, regardless of whether they are instituted, this factor also favors a stay.

## C.    Factor 3: A Stay Will Not Unduly Prejudice or Present a Tactical Disadvantage to Headwater

This factor likewise favors a stay. The "delay necessarily inherent in any stay" does not constitute undue prejudice. *PersonalWeb*, 69 F. Supp. 3d at 1029 (N.D. Cal. 2014). Rather, in assessing prejudice or tactical disadvantage, the Court looks to: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the

---

[2] The PTAB's institution decision must issue within six months of the notice indicating an IPR petition has been accorded a filing date. 35 U.S.C. §§ 313, 314; 37 C.F.R. § 42.107. These notices should issue reasonably soon for Defendants' filed IPRs. The time to an institution decision in *Uniloc* was shorter only because the defendant waited longer after filing its IPR petitions to file the motion to stay.

[3] *Id.* at 11 (indicating that 312 Final Written Decisions ("FWD") were issued finding all challenged claims unpatentable, 80 FWDs were issued finding some challenged claims unpatentable, and 74 FWDs were issued finding all challenged claims patentable).

1   relationship of the parties." *Cypress*, 2014 U.S. Dist. LEXIS 142858, at *9. Here, none of these

2   prejudices or tactically disadvantages Headwater.

3        Regarding timing of the IPR petitions, Defendants filed them on August 12, 2024,

4   approximately eight months after being served with Headwater's Complaint, well within the one

5   year allowed by 35 U.S.C. § 315(b) and only five months after Headwater served its infringement

6   contentions; Cooley Decl., Ex. A. This Court has found similar timing favored a stay. *WirelessWerx*,

7   No. 23-cv-01852 (July 18, 2023) (finding filing withing 7 months favored a stay); *Uniloc*, 2019 U.S.

8   Dist. LEXIS 72002, at *15 (same); *SAGE Electrochromics*, 2015 U.S. Dist. LEXIS 1056, at *11

9   (finding filing six months after being served with infringement contentions favored a stay).

10        As for the timing of this request for the stay, Defendants are moving to stay the case only

11   four days after filing the IPR petitions. This Court has found similar timing favors a stay.

12   *WirelessWerx*, No. 23-cv-01852 (July 18, 2023) (finding moving within five days favored a stay);

13   *MindBaseHQ*, 2021 U.S. Dist. LEXIS 253443, at *8 (finding moving within four days favored a

14   stay).

15        While Defendants' IPRs have not yet been instituted, institution decisions are expected by

16   February 2025. Cooley Decl., Exs. B, C. As this Court explained in *Uniloc*, such a "temporary

17   stay. . . will cause relatively little delay to this case or prejudice to the parties." 2019 WL 1905161,

18   at *5. *See also CF Traverse LLC v. Amprius, Inc.*, No. 20-CV-00484-RS, 2020 U.S. Dist. LEXIS

19   220065, at *2 (N.D. Cal. Nov. 6, 2020) ("[P]ausing [] proceedings until [the] PTAB acts on

20   [defendant's] requests for inter partes review . . . will promote the twin interests of judicial economy

21   and cost-efficiency without disadvantaging either side."); *Finjan*, 139 F. Supp. 3d at 1038 ("The

22   short length of the stay strongly militates against a finding of undue prejudice.").

23        Finally, Headwater and Defendants are not direct competitors or competitors at all; indeed,

24   Headwater's business focuses on licensing its patent portfolio. "Absent a showing that the parties are

25   direct competitors and that the plaintiff's competitive position would be prejudiced by a stay," this

26   Court has recognized that no "irreparable harm" would result from a stay. *Finjan*, 139 F. Supp. 3d at

27   1038 (internal quotations omitted); *see also Uniloc*, 2019 U.S. Dist. LEXIS 72002, at *17 ("In other

28   words, '[a] stay will not diminish the monetary damages to which [Plaintiff] will be entitled if it

succeeds in its infringement suit — it only delays realization of those damages[.]'") (quoting *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014); *Jenam Tech LLC v. Google LLC*, No. 21-cv-07994-JST (N.D. Cal. Sept. 26, 2022) ("The relationship between the parties is no impediment to a stay . . . where the plaintiff is a non-practicing entity.") (citation omitted).

Because none of the timing of Defendants' IPR petitions, the timing of this request for the stay, the status of the IPRs, or the relationship of the parties will create prejudice or a tactical disadvantage to Headwater, this factor also favors a stay.

**V.    CONCLUSION**

Because all three factors thus weigh in favor of staying this case, Defendants request that the Court grant Defendants' motion and immediately stay this case: (a) initially through the issuance of the PTAB's decisions whether to institute Defendants' IPR petitions, and (b) if any of Defendants' IPR petitions are instituted, pending resolution of those IPR proceedings, including any appeals.

Dated: August 16, 2024

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

By:    */s/ Daniel C. Cooley*
Daniel C. Cooley
*Attorney for Defendants*
*Motorola Mobility LLC and*
*Lenovo (United States) Inc.*